Malaika M. Eaton, WSBA No. 32837
Daniel M. Weiskopf, WSBA No. 44941
James G. Diehl, WSBA No. 54914
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, WA 98101
(206) 467-1816
meaton@mcnaul.com
dweiskopf@mcnaul.com
jdiehl@mcnaul.com
Attorneys for Plaintiffs

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 10, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
### AT RICHLAND

THE UNITED STATES OF
AMERICA, and

THE STATE OF WASHINGTON,

ex rel. DAVID YAM, M.D., an
individual,

                    Plaintiffs,

        v.

PROVIDENCE HEALTH &
SERVICES, a Washington non-profit
corporation d/b/a PROVIDENCE ST.
MARY MEDICAL CENTER,

                    Defendant.

No.

RELATOR'S COMPLAINT
FOR VIOLATIONS OF THE
FALSE CLAIMS ACT; AND
COMPLAINT TO REDRESS
ACTS OF REPRISAL UNDER
THE FALSE CLAIMS ACT,
THE MEDICAID FRAUD
FALSE CLAIMS ACT, AND
WRONGFUL WAGE
WITHHOLDING UNDER
WASHINGTON LAW

**JURY TRIAL DEMANDED**

**FILED UNDER SEAL**

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**INTRODUCTION**

1.      David Yam, M.D. brings this suit on his own behalf and as a qui tam relator on behalf of the State of Washington and the United States of America to recover treble damages and civil penalties arising out of the false statements and claims Providence Health & Services submitted to the State of Washington and the federal government in violation of the Medicaid Fraud False Claims Act, RCW Chapter 74.66, and the False Claims Act, 31 U.S.C. §§ 3729-3732, and to redress acts of retaliatory conduct Providence forced Dr. Yam to endure as a result of his reporting Providence's fraudulent practices to Providence administrators and to the Office of the Inspector General.

**PARTIES**

2.      The real party in interest to the False Claims Act and Medicaid Fraud False Claims Act claims herein is the sovereign government of the United States of American and the sovereign government of the State of Washington.  At this time, David Yam, M.D., as a qui tam relator, is pursuing his cause of action on behalf of the Plaintiffs the United States of America and the State of Washington set forth herein pursuant to 31 U.S.C. §§ 3729-3732 and RCW Chapter 74.66.  David Yam, M.D., as a qui tam relator, brings this suit to recover treble damages, civil penalties, and all other relief justiciable under the False Claims Act on behalf of the federal government and under the Medicaid Fraud False Claims Act on behalf of the State of Washington.

3.      David Yam, M.D., as an individual plaintiff, is a citizen of the United States of America, residing in Brush Prairie, Washington, who brings

RELATOR'S COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT, ETC. – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1  this suit for False Claims Act retaliation, Medicaid Fraud False Claims Act
2  retaliation, and wrongful wage withholding on his own behalf.

3       4.    Providence Health & Services is a non-profit corporation
4  organized under the laws of the State of Washington, which maintains its
5  principal place of business in Renton, Washington, and which routinely
6  transacts business in Walla Walla, Washington under the trade name
7  Providence St. Mary Medical Center.

8  **JURISDICTION AND VENUE**

9       5.    This Court has personal jurisdiction over Providence because
10  Providence maintains a principal place of business in Richland County,
11  Washington.

12       6.    This Court has subject matter jurisdiction over the claims
13  Dr. Yam brings as a qui tam relator under the False Claims Act. *See* 31
14  U.S.C. 3730(b).

15       7.    This Court has subject matter jurisdiction over Dr. Yam's claim
16  for retaliation under the False Claims Act.  *See* 31 U.S.C. § 3732.
17  Supplemental jurisdiction over Dr. Yam's pendent claims brought under the
18  laws of the State of Washington is appropriate because those claims
19  integrally relate to Providence's fraud and Dr. Yam's claim for retaliation
20  under the False Claims Act. *See* 28 U.S.C. § 1367(a).

21       8.    The United States District Court in and for the Eastern District
22  of Washington is the proper venue for this action because Providence resides
23  in this judicial district. *See* 28 U.S.C. § 1391(b).

24  **FACTUAL ALLEGATIONS**

25       9.    Dr. Yam is a neurosurgeon who received his medical degree
26  from the University of Tennessee's College of Medicine, has been licensed to

RELATOR'S COMPLAINT FOR VIOLATIONS OF
THE FALSE CLAIMS ACT, ETC. – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

practice medicine for almost a decade, and is currently an Associate Professor of Neurological Surgery at the Oregon Health and Science University.

10. Dr. Yam, through prior employment with Providence, advanced the reputation of Providence's neurological program in Walla Walla, which earned critical acclaim for safety and performance under his tenure. That recognition is in part attributable to Dr. Yam's intradepartmental efforts to review the work of his peers which began no later than 2016.

11. In February 2016, Dr. Yam reviewed the work of a now former colleague, Dr. Dan Elskens.

12. The review revealed Dr. Elskens committed severe surgical errors, including by operating on incorrect spinal sections, which resulted in post-operation complications necessitating emergency remedial surgery. Doctor Yam reported the errors to Providence's Chief Medical Officer, recommending that Dr. Elskens be terminated. Providence, after rejecting the recommendation, suspended Dr. Elskens when Dr. Yam discovered Dr. Elskens botched an additional surgery, nearly paralyzing the patient nearly a year later after many more patients were adversely harmed. Dr. Elskens resigned while on voluntary suspension, and without adverse reporting to the National Practitioner Data Bank.

13. Dr. Yam began reviewing the work of his fellow neurosurgeon with greater scrutiny after Providence failed to take seriously his initial allegations against Dr. Elskens. In keeping with that practice, Dr. Yam next reviewed the work of Dr. Jason Dreyer because Dr. Dreyer, who studied under Dr. Elskens, spoke highly of Dr. Elskens' work and recommended Dr. Elskens to join the group in Walla Walla.

RELATOR'S COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT, ETC. – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

14.    Dr. Yam's review of Dr. Dreyer proved troubling. The review revealed that Providence (through Dr. Dreyer) was billing the federal government for medical services which neither Dr. Dreyer nor Providence performed.  In addition, Dr. Dreyer was fabricating patient diagnoses and treatments to justify complex operations and to increase the billing and reimbursement of both himself and Providence.

15.    For example, in January 2017, Dr. Dreyer claimed to perform fusion and decompression surgeries on a patient's L1-L5 spinal segments, and prepared records which, on information and belief, Providence used to bill the federal government for those services. Providence's purposeful submission of those records to the federal government amounts to a false claim for payment because Dr. Dreyer did not perform decompression surgery on the patient's L1 or L2 spinal segments. This false-billing incident caused the federal government to pay Providence sums likely exceeding $150,000 for unnecessary and unperformed work.

16.    Similarly, in December 2017, Dr. Dreyer reported performing fusion surgery on a patient's L-3 and L-4 spinal segments, and prepared records which, on information and belief, Providence used to bill the federal government for those services. Providence's purposeful submission of those records to the federal government amounts to a false claim for payment because Dr. Dreyer did not fuse those spinal segments together—they had already been fused together through prior surgeries. This false-billing incident caused the federal government to pay Providence significant sums for work which Providence never performed.

17.    Other Providence documents establish that Providence's submission of those false claims for payment were not unintentional isolated

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

mistakes, but instead shed light on a purposeful, improper, and pervasive Providence practice. The contents of those documents, which Dr. Yam reviewed, but for reasons described below can no longer access, reveal that Providence, through Dr. Dreyer, would knowingly, and routinely, falsify patient medical records to justify as medically necessary certain expensive surgical procedures for which the federal government would accept financial responsibility. Doctor Yam alleges that Providence and Dr. Dreyer carried out this improper practice by subjecting patients to risky procedures that were legitimized through fraudulent diagnoses. In one instance, for example, Providence and Dr. Dreyer claimed a patient receiving federally funded medical treatment suffered from a severe deformity that required complex surgery, which Dr. Dreyer performed at great risk to the patient when, in fact, the deformity was documented not to exist in the patient. Doctor Yam believes, and therefore alleges, that Dr. Dreyer's improper practices provided a windfall to Providence at the federal government's expense which likely amounts to tens of millions of dollars and likely more.

18.    When Dr. Yam initially reported his concerns to Providence in November 2017, Providence assured him action would be taken. Providence's response was nevertheless insufficient, and, for this reason, Dr. Yam alleges that the response was designed to allow Providence to continue to benefit from the aforementioned windfall. Indeed, Dr. Dreyer continued his same pattern and practice on Providence's behalf until Dr. Yam again complained in April 2018, explicitly using the words "fraud," "malpractice," and "harm" in emails to key providence administrators in Walla Walla, in Spokane, and in Renton. Providence responded to Dr. Yam's renewed complaint through a flawed investigation which, Dr. Yam was told,

RELATOR'S COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT, ETC. – Page 6

revealed no evidence of false billing. Providence administrators in Renton nevertheless allowed for the voluntary suspension of Dr. Dreyer's that limited his ability to practice at its Walla Walla facility as a result of that investigation. Dr. Dreyer ultimately resigned and is now practicing medicine in Spokane and, like Dr. Elskens, continues to practice without adverse reporting to the National Practitioner Data Bank.

19.    Rather than commend Dr. Yam for his actions to protect patients and avoid further violations of law, Providence, acting through administrators located in Walla Walla and in Renton, retaliated against Dr. Yam. Providence, in this respect, involuntarily restricted Dr. Yam's ability to practice medicine, removed him from key committees, and, among other things, required that he participate in a review of his past works, effectively without pay.  Providence also subjected Dr. Yam to excessive call and unpaid leave during this time attempting to force his resignation by causing him professional and emotional harm.

20.    These retaliatory acts ultimately forced Dr. Yam to suffer past and prospective damages, and forced Dr. Yam's hand, causing him to provide a 120-day notice of resignation to Providence, and to report his concerns to the Office of the Inspector General. Providence shockingly reacted by subjecting Dr. Yam to further retaliation, including by refusing to pay Dr. Yam for past-due retention-bonuses, certain work which remains under paid, and for his accrued paid time off.

### FIRST CAUSE OF ACTION
#### (False Claims Act Violation)

21.    Dr. Yam realleges the preceding paragraphs and, on behalf of the United States of America and the State of Washington, incorporates them as though fully restated through this reference.

RELATOR'S COMPLAINT FOR VIOLATIONS OF
THE FALSE CLAIMS ACT, ETC. – Page 7

1    22.    The False Claims Act allows a claim relator to bring an action to

2    redress the submission of a false claim for payment to the United States of

3    America.

4    23.    By virtue of the aforementioned acts, Providence knowingly

5    presented or caused to be presented, false or fraudulent claims to the United

6    States of America for payment or approval in violation of 31 U.S.C.

7    § 3729(1)(A).

8    24.    By virtue of the aforementioned acts, Providence knowingly

9    made or used, or caused to be made or used, false or fraudulent records or

10    statements material to false or fraudulent claims to obtain payments from the

11    United States of America in violation of 31 U.S.C. § 3729(1)(B).

12    25.    As relator, Dr. Yam cannot at this time identify each and every

13    false claim for payment which Providence submitted to the United States of

14    America but he has evidence of a long history of false claims that Providence

15    is knowingly aware of and has failed to report. The information that would

16    allow Dr. Yam to identify each of those false claims for payment remains in

17    the possession, custody, and control of Providence.

18    26.    The United States of America, being unaware of the falsity of

19    the records, statements and claims made or caused to be made by Providence,

20    paid the claims that would not be paid but for Providence's illegal conduct.

21    27.    The United States of America, by reason of Providence's acts,

22    has been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
#### (False Claims Act Retaliation)

23
24
25
26

28.    Dr. Yam realleges the preceding paragraphs and, on behalf of

the United States of America and the State of Washington, incorporates them

as though fully restated through this reference.

RELATOR'S COMPLAINT FOR VIOLATIONS OF
THE FALSE CLAIMS ACT, ETC. – Page 8

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

29.    Providence's intentional mistreatment, abuse, and humiliation of Dr. Yam as a direct and proximate result of his having engaged in protected activity within the meaning of the False Claims Act damaged Dr. Yam and caused his constructive termination in violation of 31 U.S.C. § 3730(h)(1).

30.    Dr. Yam has suffered great economic harm, including loss of income and future earnings, and has suffered other injury as a result of Providence's retaliatory conduct in an amount which will be proven at trial.

**THIRD CAUSE OF ACTION**
**(Medicaid Fraud False Claims Act Violation)**

31.    Dr. Yam realleges the preceding paragraphs and, on behalf of the United States of America and the State of Washington, incorporates them as though fully restated through this reference.

32.    The Medicaid Fraud False Claims Act allows a claim relator to bring an action to redress the submission of a false claim for payment to the State of Washington.

33.    By virtue of the aforementioned acts, Providence knowingly presented or caused to be presented, false or fraudulent claims to the State of Washington for payment or approval in violation of RCW 74.66.020(1)(a).

34.    By virtue of the aforementioned acts, Providence knowingly made or used, or caused to be made or used, false or fraudulent records or statements material to false or fraudulent claims to obtain payments from the State of Washington in violation of RCW 74.66.020(1)(b).

35.    As relator, Dr. Yam cannot at this time identify each and every false claim for payment which Providence submitted to the State of Washington but he has evidence of a long history of false claims that Providence is knowingly aware of and has failed to report. The information

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

that would allow Dr. Yam to identify each of those false claims for payment remains in the possession, custody, and control of Providence.

36.    The State of Washington, being unaware of the falsity of the records, statements and claims made or caused to be made by Providence, paid the claims that would not be paid but for Providence's illegal conduct.

37.    The State of Washington, by reason of Providence's acts, has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Medicaid Fraud False Claims Act Retaliation)

38.    Dr. Yam realleges the preceding paragraphs and, on behalf of the United States of America and the State of Washington, incorporates them as though fully restated through this reference.

39.    Providence's intentional mistreatment, abuse, and humiliation of Dr. Yam as a direct and proximate result of his having engaged in protected activity within the meaning of the Medicaid Fraud False Claims Act damaged Dr. Yam and caused his constructive termination in violation of RCW 74.66.090(1).

40.    Dr. Yam has suffered great economic harm, including loss of income and future earnings, and has suffered other injury as a result of Providence's retaliatory conduct in an amount which will be proven at trial.

## FIFTH CAUSE OF ACTION
### (Wrongful Wage Withholding)

41.    Dr. Yam realleges the preceding paragraphs and incorporates them on his own behalf as though fully restated through this reference.

42.    Providence's intentional withholding of Dr. Yam's past-due retention-bonuses, wages for work which remains underpaid, and

RELATOR'S COMPLAINT FOR VIOLATIONS OF
THE FALSE CLAIMS ACT, ETC. – Page 10

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1   compensation for his accrued time off amounts to willful wage withholding

2   in violation of RCW 49.52.050.

3       43.    Dr. Yam has suffered significant economic harm as a result of

4   Providence's willful withholding of his wages in an amount which will be

5   proven at trial.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

RELATOR'S COMPLAINT FOR VIOLATIONS OF
THE FALSE CLAIMS ACT, ETC. – Page 11

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**DEMAND FOR JURY TRIAL**

Dr. Yam, on behalf of himself, the State of Washington, and the United States of America, demands a jury trial on every element of his personal and qui tam claims, and on every element of any potential defense or affirmative defense Providence may assert.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

A.     That this Court enter judgment against Providence in an amount equal to three times the damages sustained by the United States of America as the direct and proximate result of Providence's conduct, plus a civil penalty of $22,363, as permitted by 28 C.F.R. § 85.5, for each violation of 31 U.S.C. § 3729 and RCW 74.66.020;

B.     That Dr. Yam, in his capacity as a relator, be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d) and RCW 74.66.070(1)(a) for bringing this action;

C.     That Dr. Yam, in his capacity as a relator, be awarded all costs associated with his prosecution of this action, including, and without limitation, a reasonable award of attorney fees and all out-of-pocket expenses as provided by 31 U.S.C. § 3730(d) and RCW 74.66.070(1)(c);

D.     That Dr. Yam be awarded double back pay, interest on that back pay, and compensation for his past and prospective economic damages, as well as an award to compensate Dr. Yam for his special damages under 31 U.S.C. § 3730(h)(2) and RCW 74.66.090(2);

E.     That Dr. Yam be awarded all costs associated with his prosecution of this action for retaliation under the False Claims Act, including, and without limitation, a reasonable award of attorney fees and

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1   out-of-pocket expenses as provided by 31 U.S.C. § 3730(h)(2) and RCW

2   74.66.090(2);

3        F.     That Dr. Yam be awarded twice the amount of his unlawfully

4   withheld wages, in addition to an award of attorney fees and out-of-pocket

5   expenses as provided by RCW 49.52.070; and

6        G.    For such other and further relief as the Court deems just and

7   equitable.

8        DATED THIS 13th day of January, 2020.

9

10                 McNAUL EBEL NAWROT &
                         HELGREN PLLC

11

12                 By _____

13                   Malaika M. Eaton, WSBA No. 32837
                   Daniel M. Weiskopf, WSBA No. 44941
                   James G. Diehl, WSBA No. 54914

14                 600 University Street, Suite 2700
                 Seattle, Washington  98101

15                 206-467-1816
                 meaton@mcnaul.com

16                 dweiskopf@mcnaul.com
                 jdiehl@mcnaul.com

17

18                 Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

RELATOR'S COMPLAINT FOR VIOLATIONS OF
THE FALSE CLAIMS ACT, ETC. – Page 13

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

4013-001 lm045503pc.004 2020-01-13